NO. 20-1100

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

CITIBANK, N.A. as Trustee for American Home Mortgage Assets Trust 2006-3
Mortgage-Backed Pass-Through Certificates Series 2006-3,

Plaintiff-Appellee,

v.

KATHERINE L. CAITO,

Defendant-Appellant.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND
## L.T. CASE NO. 18-427-JJM-LDA

## BRIEF OF PLAINTIFF-APPELLEE

Marissa I. Delinks, Bar Id. 111180
Maura K. McKelvey, Bar Id. 67218
Samuel C. Bodurtha, Bar Id. 1171902
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: 617-213-7000/Fax: 617-213-7001
Email: mdelinks@hinshawlaw.com
      mmckelvey@hinshawlaw.com
      sbodurtha@hinshawlaw.com

*Counsel for Plaintiff-Appellee,*

December 30, 2020

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Citibank, N.A. is a national bank located in Sioux Falls, South Dakota, and is a subsidiary of Citicorp LLC, which in turn is a subsidiary of Citigroup Inc. No publicly held corporation owns 10% of more of Citigroup, Inc.'s stock.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. i

STATEMENT OF THE CASE ........................................................................... 1

SUMMARY OF ARGUMENT .......................................................................... 8

ARGUMENT ..................................................................................................... 10

I.    JUDGMENT CORRECTLY ENTERED IN CITIBANK, AS
    TRUSTEE'S FAVOR AND SHOULD STAND ...................................... 10

    A.    Standard of Review ....................................................................... 10

    B.    *Woel* Does Not Mandate Reversal or Dismissal ................................ 12

    C.    The Notice of Default Strictly Complied with the Mortgage ............... 15

        1.    The Notice of Default property stated the action
            required to cure the default ......................................................... 16

        2.    The Notice of Default correctly provided the date
            by which to cure the default ........................................................ 18

        3.    Neither *Thompson* nor the five-day limit to reinstate
            applies ....................................................................................... 19

        4.    The demand for certified funds to cure the default is
            permissible ................................................................................ 20

    D.    A Notice of Acceleration Was Not Required ..................................... 21

    E.    No Genuine Issue of Material Fact Exists Regarding the
        Trust's Existence ........................................................................... 22

    F.    The Motion to Strike Was Justly Denied ........................................... 26

CONCLUSION .................................................................................................. 30

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Amoah v. McKinney*,
  875 F.3d 60 (1st Cir. 2017) ...........................................................................11

*Arrieta-Gimenez v. Arrieta-Negron*,
  859 F.2d 1033 (1st Cir. 1988) ......................................................................12

*BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. Spacekey
  Components, Inc.*,
  752 F. 3d 72 (1st Cir. 2014) ..........................................................................10

*Boynton v. Federal Housing Finance Agency*,
  C.A. No. 1:15-cv-00350-JJM-LDA, 2017 U.S. Dist. LEXIS
  150442 (D.R.I. Sept. 15, 2017) .....................................................................21

*Calero-Cerzo v. U.S. Dep't of Justice*,
  355 F.3d 6 (1st Cir. 2004) .............................................................................11

*Casa Office Machines, Inc. v. MTA Copystar America, Inc.*,
  42 F.3d 668 (1st Cir. 1995) ...........................................................................18

*Downey v. Bob's Disc. Furniture Holdings*,
  633 F.3d 1 (1st Cir. 2011) .............................................................................23

*Garside v. Osco Drug, Inc.*,
  895 F.3d 46 (1st Cir. 1990) ...........................................................................18

*Guglielmi v. Rhode Island Hosp. Trust Fin. Corp.*,
  573 A.2d 687 (R.I. 1990) ...............................................................................24

*Henderson v. Mass. Bay Transp. Auth.*,
  977 F.3d 20 (1st Cir. 2020) ...........................................................................12

*Lang v. Wal-Mart Stores East, L.P.*,
  813 F.3d 447 (1st Cir. 2019) .........................................................................11

*Martins v. Fed. Hous. Fin. Agency*,
  214 F. Supp. 3d 163 (D.R.I. 2016) ................................................................13

*Nelson v. Ptaszek*,
505 A.2d 1141 (R.I. 1986) ...........................................................................24

*Nottingham Partners v. Trans-Lux Corp.*,
925 F.2d 29 (1st Cir. 1991) .........................................................................24

*Ocasio-Hernandez v. Fortuno-Burset*,
777 F.3d 1 (1st Cir. 2015) ...........................................................................11

*Perez-Cordero v. Wal-Mart Puerto Rico, Inc.*,
656 F.3d 19 (1st Cir. 2011) .........................................................................11

*Pierce v. Cotuit Fire Dist.*,
741 F.3d 295 (1st Cir. 2014) .......................................................................11

*Raza v. Gonzales*,
484 F.3d 125 (1st Cir. 2007) .......................................................................12

*Thompson v. JPMorgan Chase Bank, N.A.*, 2020 U.S. App. LEXIS
38361, __ F.3d __, 2020 WL 7238390 (1st Cir. Dec. 9, 2020)..................19, 20

*Thompson v. JPMorgan Chase Bank, N.A.*,
915 F.3d 801 (1st Cir. 2019) ....................................................................6, 19

*United States Bank Trust, N.A. v. Jones*,
925 F.3d 534 (1st Cir. 2019) ................................................................*passim*

*United States v. One Motor Yacht Named Mercury*,
527 F.2d 1112 (1st Cir. 1975) .....................................................................23

*Velázquez-Pérez v. Developers Diversified Realty Corp.*,
753 F.3d 265 (1st Cir. 2014) .......................................................................11

*Viera v. Bank of N.Y. Mellon*,
C.A. No. 17-cv-0523, 2018 U.S. Dist. LEXIS 176276 (D.R.I. Oct.
12, 2018)......................................................................................................21

*Woel v. Christiana Trust*,
228 A.3d 339 (R.I. 2020) .....................................................................*passim*

*Young v. Warwick Rollermagic Skating Ctr., Inc.*,
973 A.2d 553 (R.I. 2009) ............................................................................24

**Statutes**

Mass. Gen. Laws ch. 244, § 35A...............................................................19

R.I. Gen. Laws § 34-27-1........................................................................22

**Other Authorities**

Fed. R. Civ. P. 56(a) ..............................................................................10

Fed. R. Civ. P. 56(c)(4)........................................................................7, 18

Fed. R. Evid. 803(b)...................................................................10, 27, 28, 29

## STATEMENT OF THE CASE

Defendant-Appellant, Katherine L. Caito ("Defendant") executed a promissory note on June 6, 2006 (the "Note"), in which she promised to repay a loan of $4,500,000.00, with interest, to American Brokers Conduit in full no later than July 1, 2036. *See* Defendant's Appendix ("A_") at 13, ¶ 8; A19; 78, ¶ 4. To secure her repayment of the Note, the Defendant granted a mortgage on property located at 16 Yosemite Valley Road, Westerly, Rhode Island (the "Property") on the same day in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender, American Brokers Conduit ("Lender"), and its successors and assigns (the "Mortgage"). A13, ¶ 9; A28; A78, ¶ 4. The Mortgage was recorded in the Land Evidence Records for the Town of Westerly on June 12, 2006, at Book 1541, Page 252. A13, ¶ 9; A28.

The Mortgage provides that its covenants and agreements shall bind and benefit the successors and assigns of the Lender. A35, ¶ 13. Paragraph 22 of the Mortgage requires certain disclosures prior to acceleration and foreclosure:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to the cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default or on before the date specified in the notice may result in acceleration of the sums secured by the this Security Instrument and the sale of the Property. The notice shall

> further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert
> the non-existence of a default or any other defense of
> Borrower to acceleration and sale.

A38, ¶ 22.

MERS, as nominee for American Brokers Conduit and its successors and assigns, assigned the Mortgage to Plaintiff-Appellee, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3 ("Citibank, as Trustee") by an assignment dated August 27, 2012 ("Assignment"). A13, ¶ 10; A50; A78, ¶ 6. The Assignment was recorded on October 9, 2012, in the Land Evidence Records for the Town of Westerly at Book 1932, Page 724. A50.

The Defendant defaulted on her repayment obligations under the Note and Mortgage in May 2012 and has failed to make any payments since. A78, ¶ 5.

In 2013, the Defendant commenced a civil action against Citibank, as Trustee and other entities challenging Citibank, as Trustee's authority to foreclose, which was dismissed on Citibank, as Trustee's motion. A79, ¶ 7. *See also* Citibank, as Trustee's Supplemental Appendix ("SA_") at 86; *Caito v. Mortgage Electronic Registration Systems, Inc.*, C.A. No. 13-00429 at SA276. The Defendant appealed the dismissal to this Court. *See Caito v. MERS*, Docket No. 15-1947, SA282. On February 9, 2016, the Defendant filed a receivership petition to enjoin a foreclosure sale scheduled for February 11, 2016. *See Caito v. One Lot of Real Estate*, C.A. No.

WC-2016-0061. To resolve the appeal and allow the receivership petition to proceed, the Defendant and Citibank, as Trustee entered into a Confidential Settlement and Release Agreement in September 2016, wherein the Defendant released all known and unknown claims against Citibank, as Trustee. A79, ¶ 7. As part of that agreement, the Defendant acknowledged the debt and that Citibank, as Trustee is the holder of the Note and Mortgage and that the Assignment is valid:

> **Acknowledgment of Debt:** Borrower [i.e. Defendant] acknowledges and confirms that the Investor [i.e. Citibank, as Trustee] is the current mortgagee and Note holder, and that certain debt incurred by her on the June 6, 2006 note to American Brokers Conduit is owed to Investor. Borrower acknowledges the validity of the Assignment of Mortgage from American Brokers Conduit to Investor and the validity of the debt to the Investor, and hereby waives here right to challenge the validity of the Assignment and debt.

A79, ¶ 7.

On April 11, 2017, Citibank, as Trustee executed a limited power of attorney appointing Ocwen Loan Servicing, LLC ("Ocwen") as its attorney-in-fact, for enumerated tasks including inter alia "[t]he right to collect, accelerate, initiate suit on and/or foreclose all Loans" held by American Home Mortgage Asset Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3. SA79-84. On May 11, 2018, Ocwen, on behalf of Citibank, as Trustee and in its capacity as mortgage loan servicer, mailed a notice of default and right to cure to the Defendant at the

Property ("Notice of Default"). A13, ¶ 13; A79, ¶ 8. The Notice of Default provided the following disclosures:

a.  Defendant was in default on the Mortgage;

b.  The action required to cure the default by making a "payment for the entire total amount past due" of $2,201,915.26;

c.  A date, not less than 30 days from the date the notice was given to the Defendant, by which the default must be cured, which was June 17, 2018;

d.  "Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the Security Instrument and sale of the Property;" and

e.  Defendant "has the right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale." A54. The Defendant failed to cure her default on or before June 17, 2018, or at any point thereafter. A14, ¶ 16; A79, ¶ 9.

On August 3, 2018, Citibank, as Trustee commenced this judicial foreclosure action, accelerating the sums owed on the Note and Mortgage, and seeking a court order authorizing the sale of the Property. A2, Docket Entry ("DE#_") at 1. Citibank, as Trustee filed a verified amended complaint for judicial foreclosure on September 4, 2018, including as exhibits the Note endorsed in blank, the Mortgage, the Assignment, the Notice of Default, and a payoff quote as of July 20, 2018, reflecting

a total amount due on the loan as of that date of $5,998,086.95. *Id.*, DE#4; A14, ¶¶ 14-17; A19-61. The Defendant answered the amended complaint on November 30, 2018. A68.

The parties cross-moved for summary judgment on May 15, 2019. A74; A77; SA1; SA18; SA23; SA25. In support of its motion, Citibank, as Trustee relied on the evidence submitted with its verified amended complaint, including the Note endorsed in blank, the Mortgage, the Assignment, the Notice of Default, and a payoff quote as of July 20, 2018, along with the affidavit of Sony Prudent, Senior Loan Analyst at Ocwen. SA1; SA18; A77. Mr. Prudent testified based on his personal knowledge and review of Ocwen's business records pertaining to the Defendant's loan, regularly maintained in the ordinary course of business, that the Defendant is in default of the loan since April 2012, that Citibank, as Trustee is the holder of the Mortgage pursuant to the Assignment, that the Defendant entered into a Confidential Settlement and Release Agreement in September 2016 acknowledging the debt and that Citibank, as Trustee is the current mortgagee and noteholder, that the Notice of Default was sent to the Defendant. A77-A88. Mr. Prudent also authenticated a Payment Reconciliation History attached to his affidavit, itemizing the costs, fees and expenses incurred in compliance with the Note and Mortgage. *Id.*

The Defendant moved for judgment in her favor as a matter of law contending Citibank, as Trustee failed to accelerate the Mortgage before commencing the

foreclosure action and the Notice of Default failed to comply with the Mortgage. SA23. The Defendant challenged the Notice of Default for five specific reasons: 1) the Notice failed to provide a specific date to cure the default; 2) the Notice deceptively failed to advise that the Defendant could only reinstate the loan up to five days before a foreclosure sale under *Thompson v. JPMorgan Chase Bank, N.A.*, 915 F.3d 801 (1st Cir. 2019); 3) the Notice improperly required the Defendant to cure the default with certified funds; 4) the Notice inaccurately included fees and charges of $6,086.49, which she claimed by affidavit Citibank, as Trustee did not incur; and 5) that Citibank, as Trustee rather than Ocwen was required to send the Notice of Default. SA25-55; A89. Citibank, as Trustee opposed the Defendant's dispositive motion on July 15, 2019, and submitted additional evidence refuting the Defendant's contentions, including a second affidavit signed by Sony Prudent testifying that Ocwen merged with PHH Mortgage Corporation ("PHH") on June 1, 2019, that PHH is the new mortgage loan servicer for the Defendant's loan on behalf of Citibank, as Trustee and that Ocwen's business records were integrated into PHH's business records. A110; SA62-119.

The Defendant objected to Citibank, as Trustee's summary judgment motion on July 15, 2019, contending judgment should enter in her favor as the Notice of Default failed to comply the Mortgage for the same reasons asserted in her dispositive motion and because no notice of acceleration was sent to the Defendant

before the action was commenced. SA130-146; SA154-165. The Defendant further contended that a disputed issue of fact exists as to whether the securitized trust that holds the Mortgage exists and that Citibank, as Trustee's affidavit in support of summary judgment was inadmissible hearsay under *United States Bank Trust, N.A. v. Jones*, 925 F.3d 534 (1st Cir. 2019). SA123; SA147-154.

The Defendant separately moved to strike the affidavit under Federal Rule of Civil Procedure 56(c)(4) on the grounds that Mr. Prudent failed to testify that prior servicers' records were integrated into Ocwen's records to satisfy the business records exception recognized in *Jones*. A114. Citibank, as Trustee opposed the motion to strike on July 29, 2019, submitting a third affidavit signed by Sony Prudent in which he testified regarding the service transfer history of the Defendant's loan and the integration of the business records. SA168-242.

On August 27, 2019, Citibank, as Trustee filed a reply memorandum addressing the Defendant's objections to its summary judgment motion. SA243. The Defendant filed a reply memorandum in support of her summary judgment motion on August 30, 2019. SA253.

The district court (McConnell, J.) issued an order on December 18, 2019, denying the Defendant's motion to strike and granting Citibank, as Trustee's motion for summary judgment. *See* Defendant's Addendum ("Add._") at 3. The Defendant filed a notice of appeal the district court's December 18, 2019 order on January 17,

2020. A10, DE#56; Add.12. Judgment entered in Citibank, as Trustee's favor on January 27, 2020. A10, DE#58; Add.13.

## SUMMARY OF ARGUMENT

The judgment entered in Citibank, as Trustee's favor was proper and should stand. The Rhode Island Supreme Court's decision in *Woel v. Christiana Trust*, 228 A.3d 339 (R.I. 2020), does not render the Notice of Default deceptive or non-compliant with paragraph 22 of the Mortgage. *Woel* merely affirmed what the United States District Court for the District of Rhode Island held nearly four years prior—that strict compliance with the requirements contained in paragraph 22 is a condition precedent to acceleration and a valid foreclosure sale. Although *Woel* considered the difference between the right to cure a default to preclude acceleration and the right to reinstate the mortgage after acceleration to determine whether the default notice in that case complied with paragraph 22, *Woel* did not determine what charges may or may not be included in a default notice as the Defendant erroneously suggests and in no way undermines the finding that the Notice of Default issued here strictly complied with the Mortgage. *Woel* does not mandate reversal or dismissal.

In fact, the undisputed record in this case demonstrates that Citibank, as Trustee's Notice of Default strictly complied with the Mortgage in all respects. The Notice of Default advised the Defendant that her loan was in default and the action required to cure the default— making a payment of the "overdue amount" amount

8

of $2,201,915.26, on or before June 17, 2018, that her "[f]ailure to cure the default on or before the dates specified in the notice may result in acceleration of the sums secured by the Security Instrument and sale of the Property," and that the Defendant had the "right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale." The Defendant's various challenges to suggest that a genuine issue of fact exists to preclude summary judgment because the Notice of Default incorrectly included fees, escrow, and charges to state an incorrect amount to cure, failed to provide a date certain to cure, and incorrectly required certified funds to cure, lack any support in the Mortgage or Note and are wholly without merit. Similarly, the Defendant's contention that the Notice of Default was deceptive as it failed to advise her that she could only reinstate the Mortgage five days before a foreclosure sale as set forth in paragraph 19, lacks any legal basis in this judicial foreclosure action. This provision of paragraph 19 is inapplicable.

Nor was summary judgment in Citibank, as Trustee's favor improper because Citibank, as Trustee failed to issue a separate notice of acceleration before filing this action as purportedly required by the Mortgage. District court precedent holds that the filing of a judicial foreclosure action accelerates the mortgage. But moreover, paragraph 22 of the Mortgage expressly negates the need for any such notice after the Defendant failed to cure her default.

The Defendant's contention that a genuine issue of fact exists regarding the trust's existence is belied by the record. Not only does the record establish that the Defendant acknowledged the validity of the Assignment to Citibank, as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3, but Citibank, as Trustee submitted undisputed evidence that this is the trust that holds the Defendant's loan.

The undisputed record, the public record and the supplemental affidavit Citibank, as Trustee submitted in opposition to the Defendant's motion to strike show that testimony regarding the integration of business records to establish the total amount owed on the loan was not required to meet the business records exception under Fed. R. Evid. 803(b), as the witness did not rely on any third-party records. *U.S. Bank Trust v. Jones*, 925 F.3d 534 (1st Cir. 2019), is factually distinguishable from this case. The motion to strike was justly denied.

## ARGUMENT

I.  JUDGMENT CORRECTLY ENTERED IN CITIBANK, AS TRUSTEE'S FAVOR AND SHOULD STAND

A.  Standard of Review.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. Spacekey Components, Inc.*, 752 F. 3d 72, 75 (1st Cir. 2014). A

fact is 'material' if it 'has the potential of affecting the outcome of the case.'" *Perez-Cordero v. Wal-Mart Puerto Rico, Inc.*, 656 F.3d 19, 25 (1st Cir. 2011), *quoting Calero-Cerzo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004)). A dispute is genuine if "a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." *Ocasio-Hernandez*, 777 F.3d at 4, *quoting Velázquez-Pérez v. Developers Diversified Realty Corp.*, 753 F.3d 265, 260 (1st Cir. 2014). "But conclusory allegations, improbable inferences, and unsupported speculation are insufficient to establish a genuine dispute of fact." *Id.* (citation and quotations omitted). Unless the court determines the record is "sufficiently open-ended to permit a rational factfinder to resolve a material factual dispute in favor of either side," summary judgment should enter. *Pierce v. Cotuit Fire Dist.*, 741 F.3d 295, 301 (1st Cir. 2014).

A district court's grant of summary judgment is reviewed de novo. *Ocasio-Hernandez v. Fortuno-Burset*, 777 F.3d 1, 4 (1st Cir. 2015). Because the review is de novo, this Court "can affirm on any ground appearing in the record — including one that the [district court] did not rely on." *Lang v. Wal-Mart Stores East, L.P.*, 813 F.3d 447, 454 (1st Cir. 2019).

The denial of a motion to strike evidence submitted in support of summary judgment is reviewed for abuse of discretion. *See Amoah v. McKinney*, 875 F.3d 60, 62 (1st Cir. 2017) (motion to strike is reviewed for abuse of discretion). "This means,

in effect, that such a decision will stand unless the complaining party can show that the [district court] committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way." *Raza v. Gonzales*, 484 F.3d 125, 127 (1st Cir. 2007).

B.     <u>*Woel* Does Not Mandate Reversal or Dismissal.</u>

The Defendant contends the Rhode Island Supreme Court's recent decision in *Woel v. Christiana Trust*, 228 A.3d 339 (R.I. 2020), renders the Notice of Default deceptive and non-compliant with paragraph 22 of the Mortgage, such that judgment must be vacated and the action dismissed. This is so, says the Defendant, because *Woel* established that the amounts necessary to cure a default are different than the amounts necessary to reinstate a mortgage after acceleration. Because the Notice of Default here did not solely include principal and interest as purportedly required by paragraph 7 of the Note,[1] and instead included fees and expenses, which the Defendant contends could only have been included in an acceleration notice, the

---

[1] The Defendant's reference to paragraph 7 of the Note is raised for the first time on appeal and is not properly before this Court for review. *See Henderson v. Mass. Bay Transp. Auth.*, 977 F.3d 20, 33 (1st Cir. 2020), *citing Arrieta-Gimenez v. Arrieta-Negron*, 859 F.2d 1033, 1037 (1st Cir. 1988) (arguments not raised before the district court are waived on appeal). This, notwithstanding, paragraph 7 of the Note does not indicate that a default notice may only include principal and interest. *See* A22, ¶ 7(C) ("If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount.").

Notice was deceptive and non-compliant with paragraph 22. The Defendant impermissibly expands *Woel* and reads provisions into paragraph 22 that do not exist.

The Rhode Island Supreme Court's decision in *Woel* merely affirmed what the United States District Court for the District of Rhode Island held nearly four years prior in *Martins v. Fed. Hous. Fin. Agency*, 214 F. Supp. 3d 163 (D.R.I. 2016). That is, that "[a]s a matter of contract law, strict compliance with the requirements contained in paragraph 22 is a condition precedent to acceleration and a valid foreclosure sale." *Compare Woel*, 228 A.3d at 345, *with Martins* at 169-70 (holding that under Rhode Island law, the right to exercise power of sale in a mortgage arises from contract, and not by statute, therefore, "[p]aragraph 22 of the Mortgage is a condition precedent, which requires strict compliance, when a mortgagee seeks acceleration and foreclosure."). And while *Woel* considered the difference between the right to cure a default to preclude acceleration and the right to reinstate the mortgage after acceleration to determine whether the default notice in that case complied with paragraph 22, *Woel* did not determine what charges may or may not be included in a default notice as the Defendant erroneously suggests and in no way undermines the finding that the Notice of Default issued here strictly complies with paragraph 22.

The default notice in *Woel* was found defective because it advised the borrower that he "had the *right to cure* the default after acceleration," instead of informing him that he had the *right to reinstate* the mortgage after acceleration as paragraph 22 requires, which is a distinction with a difference. *Woel* at 346-47 (emphasis added). "Paragraph 22 explains that the right to cure is the mortgagor's right to pay the pre-acceleration default amount owed and thus be protected from acceleration." *Id.* The right to reinstate the mortgage, however, only occurs after a mortgagor fails to cure the default and the after the note is accelerated, and requires the mortgagor to satisfy four conditions set forth in paragraph 19, including curing the default and paying any expenses incurred in enforcing the security instrument. *Id.* at 347. As these terms are different and curing the default after acceleration would not reinstate the mortgage, the default notice informing *Woel* that he had the right to cure after acceleration failed to strictly comply with the notice required under paragraph 22. *Id.*

Here, as in *Woel*, paragraph 22 of the Mortgage required Citibank, as Trustee to provide the Defendant with a notice specifying the following information before accelerating the loan balance:

> (a) the default; (b) the action required to the cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default or on before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale

> of the Property. The notice shall further inform Borrower
> of the right to reinstate after acceleration and the right to
> bring a court action to assert the non-existence of a default
> or any other defense of Borrower to acceleration and sale."

A38. Unlike *Woel*, however, the Notice of Default at issue here advised the Defendant that her loan was in default, that she could cure the default by making a payment of the past due amount of $2,201,915.26, which had to be received on or before June 17, 2018, and that "[f]ailure to cure the default on or before the dates specified in the notice may result in acceleration of the sums secured by the Security Instrument and sale of the Property." A54. The Notice of Default further informed the Defendant that she had the "right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale." *Id.* Thus, unlike *Woel*, the Notice of Default issued here strictly complied with paragraph 22 of the Mortgage. *Woel* does not mandate reversal or dismissal.

C.     The Notice of Default Strictly Complied with the Mortgage.

The Defendant contends summary judgment improvidently entered in Citibank, as Trustee's favor because issues of material fact exist as to whether the Notice of Default strictly complied with paragraph 22 of the Mortgage. The Defendant asserts various arguments in support of this position, none of which warrants vacating judgment in Citibank, as Trustee's favor.

1. <u>The Notice of Default properly stated the action required to cure the default.</u>

The Defendant maintains that the Notice of Default was deficient because it included fees, escrow, and late charges, which she claims were not required to cure her default under the Note or Mortgage, and according to her, stated an inaccurate amount due. The Defendant's contentions are without merit.

Paragraph 22 of the Mortgage required Citibank, as Trustee to issue a Notice of Default that expressly informed the Defendant that she was in default, the action required to cure the default, and a date not less than 30 days from the date the notice is given by which the default must be cured. A38. But paragraph 22 does not specify what should or must be included in the amount to cure the default. *Id.* Neither does paragraph 7 of the Note, as the Defendant seems to contend. That paragraph, which the Defendant relies on for the first time on appeal, merely requires Citibank, as Trustee to send the notice of default to the Defendant advising that she needs to pay the "overdue amount" by a certain date, "or the Note Holder may require [her] to pay immediately the full amount of Principal which has not been paid and all the interest that [she owes] that amount." A22, ¶ 7(C). The Notice of Default strictly complied with each of these provisions.

Citibank, as Trustee's Notice of Default advised the Defendant that her loan was in default and the action required to cure the default— making a payment of the "overdue amount" amount of $2,201,915.26, on or before June 17, 2018, that

"[f]ailure to cure the default on or before the dates specified in the notice may result in acceleration of the sums secured by the Security Instrument and sale of the Property," and that the Defendant had the "right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale." A54. The Defendant fails to cite to any provision in the Mortgage (or Note) that precluded Citibank, as Trustee from including in the amount that had to be paid to cure the default the fees, escrow, and late charges Citibank, as Trustee incurred due to the Defendant's default. *See* A31, ¶¶ 1, 3. The Defendant's belief that this is improper is not sufficient to render the Notice defective.

Nor can the Notice of Default be deemed defective because the Defendant believes the amount required to cure the default was inaccurate. In support of its summary judgment motion, Citibank, as Trustee submitted a Payment Reconciliation History showing the total debt owed in pursuit of this judicial foreclosure action and the specific charges incurred due to the Defendant's default. A79, ¶¶ 10, 11; A86. In response, the Defendant submitted her own affidavits contending the fees and charges Citibank, as Trustee incurred could not have been incurred and the interest calculation was purportedly wrong. A90-93; A117-122. But the Defendant's belief as to what charges Citibank, as Trustee incurred as a result of her default is not based upon her personal knowledge and her interest calculations

are not presented in the form of admissible evidence as required. *See Garside v. Osco Drug, Inc.*, 895 F.3d 46, 49-51 (1st Cir. 1990) (only evidence that would be admissible at trial may be considered on summary judgment); *Casa Office Machines, Inc. v. MTA Copystar America, Inc.*, 42 F.3d 668, 681 (1st Cir. 1995) (Rule 56(c)(4) permits the submission of affidavits supporting or opposing a summary judgment motion as long as the affidavit presents facts that would be admissible in evidence.). To be sure, the Defendant's affidavit regarding the interest calculations fails to demonstrate that she is in any way qualified or competent to perform such calculations. Such conclusory testimony does not adequately dispute Citibank, as Trustee's authenticated Payment Reconciliation History or otherwise evidence that the Notice of Default stated an inaccurate amount necessary to cure the default.

2.      The Notice of Default correctly provided the date by which to cure the default.

Equally unavailing is the Defendant's contention that the Notice of Default failed to strictly comply with the Mortgage because it required her to cure the default on or before June 17, 2018, which she proffers, was not a date certain. Citibank, as Trustee's use of the "on or before" language in the Notice of Default is consistent with the language of paragraph 22(d) of the Mortgage, which required disclosure that "failure to cure the default on or before the date specified in the notice may result in acceleration…." A38. The Defendant's contention that "[n]o person could determine from the letter the actual date on which to cure" is plainly undermined by

the fact that, as expressly stated in the Notice of Default, the Defendant could have cured her default and Citibank, as Trustee would have accepted that cure, on any date from the date of the Notice of Default up to and including June 17, 2018. The Notice of Default correctly provided a date by which the Defendant could cure the default and was not deficient for this reason.

### 3. Neither *Thompson* nor the five-day limit to reinstate applies.

The Defendant's contention that the Notice of Default is deceptive because it failed to advise her that she could only reinstate the Mortgage five days before a foreclosure sale as found in *Thompson v. JPMorgan Chase Bank, N.A.*, 915 F.3d 801 (1st Cir. 2019) ("*Thompson I*"), is readily resolved. On December 9, 2020, this Court issued a new decision in *Thompson* holding that a paragraph 22 notice of default that fails to include paragraph 19's five-day deadline to reinstate a mortgage after acceleration, cannot be misleading because in Massachusetts, a mortgagor has the right to reinstate at any time prior to foreclosure sale under Mass. Gen. Laws ch. 244, § 35A, such that the five-day deadline does not apply. *Thompson v. JPMorgan Chase Bank, N.A.*, 2020 U.S. App. LEXIS 38361, at *9, __ F.3d __, 2020 WL 7238390 (1st Cir. Dec. 9, 2020) ("*Thompson II*"). As the decision the Defendant relies on has been vacated and in fact, reversed, *Thompson I* has no application. Nor does the five-day deadline imposed by paragraph 19.

Paragraph 19 of the Mortgage provides, in pertinent part:

> If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument.

A36. In other words, the five-day limit to reinstate only applies to a sale of the property pursuant to the power of sale, that is, a non-judicial foreclosure. Here, of course, Citibank, as Trustee is pursuing a judicial foreclosure, which in accordance with paragraph 19 (a non-notice provision) allows the Defendant to reinstate the Mortgage at any time up to the entry of judgment.

No provision in the Mortgage required Citibank, as Trustee to include any of the limitations of paragraph 19 in its Notice of Default. *See Thompson II* at *7 ('paragraph 22 requires informing the borrower of their substantive right to reinstate, but does not require details regarding the procedure that must be followed to exercise the right or the deadlines associated with the right, and paragraph 19 does not, on its own, impose any notice requirements.'). Still, Citibank, as Trustee's Notice of Default cannot be defective for failing to include a provision that is completely inapplicable.

4. <u>The demand for certified funds to cure the default is permissible.</u>

Nor was the Notice of Default defective because certified funds were required to cure the default. Again, paragraph 22(b) of the Mortgage requires Citibank, as

Trustee to provide notice to the Defendant of the action required to cure the default. A38. But paragraph 22 does not circumscribe the conditions the mortgagee can impose in order to cure the default so that the Defendant can object to a demand of payment by certified funds, or contact with the mortgage holder to verify the exact amount past due on the account in order to reinstate. The Defendant cites to no provision in paragraph 22 or any other provision in the Note or Mortgage that precludes a mortgagee from requiring a default be cured with certified funds. No such contractual limitation exists.

Because here, Citibank, as Trustee issued a Notice of Default advising of the action required to cure the default—payment of the past due amount of $2,201,915.26 with certified funds on or before June 17, 2018, the Notice strictly complied with paragraph 22.

D.    A Notice of Acceleration Was Not Required.

The Defendant next contends that judgment improperly entered in Citibank, as Trustee's favor because Citibank, as Trustee failed to issue a notice of acceleration before filing this action. District court precedent holds otherwise.

In *Boynton v. Federal Housing Finance Agency*, C.A. No. 1:15-cv-00350-JJM-LDA, 2017 U.S. Dist. LEXIS 150442, at *6 (D.R.I. Sept. 15, 2017), the district court concluded that Fannie Mae accelerated the mortgage when it filed the judicial foreclosure action. In *Viera v. Bank of N.Y. Mellon*, C.A. No. 17-cv-0523, 2018 U.S.

Dist. LEXIS 176276, at *4-6 (D.R.I. Oct. 12, 2018), the district court dismissed a similar claim under a breach of contract cause of action finding that paragraph 22 of a mortgage did not require a foreclosing mortgagee to send the borrower a separate notice of acceleration. The Defendant's claim that Citibank, as Trustee was required to send her a separate notice of acceleration, despite filing this judicial foreclosure action, ignores the general principle, supported by this precedent, that initiation of a judicial foreclosure action accelerates the mortgage.

Moreover, paragraph 22 of the Mortgage contains no requirement for a separate notice of acceleration. On the contrary, paragraph 22 expressly states "[i]f the default is not cured on or before the date specified in the notice [of default], Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law." A38. As one such remedy is a judicial foreclosure action under R.I. Gen. Laws § 34-27-1, the very remedy Citibank, as Trustee undertook here after the Defendant failed to cure her default, a separate notice of acceleration was not required.

E.   No Genuine Issue of Material Fact Exists Regarding the Trust's Existence.

The Defendant argues that the district court erred in entering summary judgment to Citibank, as Trustee because a genuine issue of material fact exists regarding the identity of the trust for which Citibank, as Trustee serves as trustee.

This is so, contends the Defendant, because records from the Security and Exchange Commission ("SEC") and an order from an unrelated matter before the United States District Court for the Northern District of Texas purportedly identify the trust as "American Home Mortgage Trust 2006-3" but the Assignment reflects the Mortgage was assigned to Citibank, as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3. In other words, the inclusion of the additional language "Mortgage-Backed Pass-Through Certificates Series 2006-3" in the Assignment, identifies a different trust, which purportedly does not exist, thereby rendering the Assignment void. The Defendant's claim of error fails for several reasons.

First, despite the Defendant's representation that she presented evidence to the district court from the SEC and some unrelated matter in Texas, which she avers is included in her Appendix at 26-29 and 30, these documents are not included in the Appendix.[2] "An appellant has the burden of ensuring that the record is adequate to permit reasoned review of her claims." *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1, 8-9 (1st Cir. 2011). Absent this record evidence, seemingly not before the court, there is no basis to review the district court's purported failure to consider it. *See United States v. One Motor Yacht Named Mercury*, 527 F.2d 1112, 1113-

---

[2] The Table of Contents to the Appendix filed with this Court and in the undersigned's possession goes from 1 to 15.

1114 (1st Cir. 1975) ("Without an adequate appendix, we are unable to review the determination of the district court for the sufficiency of the evidence.").

But moreover, the doctrines of release and waiver bar this claim. In *Nottingham Partners v. Trans-Lux Corp.*, 925 F.2d 29, 31–32 (1st Cir. 1991), this Court explained that release of a civil suit by earlier settlement bars any subsequent action. The court concluded as a matter of law that a release of all claims as part of a state court settlement extends to subsequent claims commenced in federal court and arising out of the same set of facts. *See id.* at 32. As the claims asserted in the second lawsuit "shared a common gravamen" with those set forth in the earlier action—and arose out of the same transaction—the defense of release was "fully applicable," and thus was compelled to affirm entry of summary judgment in favor of the releasees. *See id.* at 32-33.

Rhode Island state courts respect the terms of the release as they would any other contractual agreement entered into among the parties absent justification to invalidate the release. *See, e.g.*, *Young v. Warwick Rollermagic Skating Ctr., Inc.*, 973 A.2d 553, 561 (R.I. 2009); *Guglielmi v. Rhode Island Hosp. Trust Fin. Corp.*, 573 A.2d 687, 689 (R.I. 1990) (discussing factors for determining validity of release agreements). A release intending to waive all claims will be upheld and applied to bar claims if the release is unambiguous, meaning that it is reasonably susceptible of only one interpretation. *See Nelson v. Ptaszek*, 505 A.2d 1141, 1143 (R.I. 1986)

(denying plaintiff's attempt to circumvent a release when release specifically evidenced intent to waive all claims, including claim set forth in subject action).

Here, the Defendant executed a Confidential Settlement Agreement in September 2016 to resolve prior litigation in which she challenged Citibank, as Trustee's right to foreclose. The agreement includes the following provision:

> **Acknowledgment of Debt:** Borrower [i.e. Defendant] acknowledges and confirms that the Investor [i.e. Citibank, as Trustee] is the current mortgagee and Note holder, and that certain debt incurred by her on the June 6, 2006 note to American Brokers Conduit is owed to Investor. Borrower acknowledges the validity of the Assignment of Mortgage from American Brokers Conduit to Investor and the validity of the debt to the Investor, and hereby waives here right to challenge the validity of the Assignment and debt.

A79, ¶ 7. By executing the Confidential Settlement and Release Agreement, the Defendant not only acknowledged that Citibank, as Trustee is the current mortgagee and holder of the Note, and that the debt she incurred on June 6, 2006, was owed to Citibank, as Trustee, but she specifically acknowledged the validity of the Assignment and waived any right to challenge the Assignment. She may not do so now.

Finally, the undisputed evidence shows that Citibank, as Trustee is the trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3. Citibank, as Trustee submitted three affidavits in support of its motion for summary judgment in which the affiant testified based

on his personal knowledge of business records pertaining to the Defendant's loan that the name of the trust for which Citibank, as Trustee serves as trustee is American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3. A77, ¶ 1; A110, ¶ 1; A230, ¶ 3; SA175, ¶ 3. In addition, the Pooling and Servicing Agreement ("PSA") that governs the trust into which the Defendant's loan was deposited, which Citibank, as Trustee submitted to the district court, references "Mortgage-Backed Pass-Through Certificates Series 2006-3" on the title page. SA181. The PSA likewise undisputedly defines, names and identifies Citibank, as Trustee as trustee of this trust. SA227. The Defendant's contention that a material issue of fact exists as to whether this trust exists is belied by the record.

F.    The Motion to Strike Was Justly Denied.

The Defendant argues that the district court improperly denied her motion to strike the affidavit Citibank, as Trustee submitted in support of summary judgment because the affidavit failed to meet the business records exception as further pronounced in *U.S. Bank Trust v. Jones*, 925 F.3d 534 (1st Cir. 2019), and the supplemental affidavit Citibank, as Trustee filed failed to cure this defect. Thus, charges the Defendant, the district court incorrectly decided a factual dispute as to the relationship between the various loan servicers that have serviced her loan since 2006, to find *Jones* does not apply. The Defendant is mistaken.

In *Jones*, this Court affirmed the admission of a witness' testimony on the total amount owed under a mortgage loan under Fed. R. Evid. 803(b) and at trial of a judicial foreclosure action in Maine. Jones opposed the admission of the evidence on grounds that the testimony and exhibits failed to satisfy the business records exception to the hearsay rule, because the information and documents the witness relied upon included third-party records. *Id.* at 537-38. Specifically, the current servicer of Jones' account, Caliber Home Loans, Inc., relied upon records transferred from two other loan servicers, Seterus and Bank of America, whose records were integrated into Caliber's database. *Id.* at 537. Recognizing that the admissibility of evidence turns on the facts of each case, this Court decided that the records and testimony were sufficiently reliable based upon testimony discussing the integration of the third-party's business records into the Caliber database reviewed by the witness. *Id.* at 537-38.

*Jones* is factually distinguishable from this case. In *Jones*, the borrower obtained a loan from Downeast Mortgage Corporation, secured by a mortgage that was executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), which MERS, as nominee for Downeast, later assigned and transferred to Bank of America. 330 F. Supp. 3d 530, 533 (D. Me. 2018). Bank of America subsequently assigned and transferred the mortgage loan to U.S. Bank, and Caliber Home Loans, Inc., as servicer for U.S. Bank, initiated foreclosure by noticing the borrower's

default and right to cure. *Id.* The record in *Jones* demonstrated actual third-party transfers and sales of the mortgage loan, which necessitated not only integration of business records upon transfer but testimony and affirmation of such integration to admit the evidence under Federal Rule of Evidence 803(b).

Here, no third-party transfer or sale of the mortgage occurred that would necessitate the integration of business records under *Jones*. Instead, Citibank, as Trustee has owned the mortgage loan at least since the trust's close date of July 28, 2006. SA181. According to the PSA, American Home Mortgage Servicing, Inc., or its successor in interest, was named as servicer. SA223. Citibank, as Trustee obtained legal title to the Mortgage on August 27, 2012, when MERS executed the Assignment. As such, this is not a case where the foreclosing mortgagee must rely upon the prior business records of a predecessor mortgagee in order to produce a transaction history of the loan. To be sure, unlike *Jones*, the Defendant's challenge is not focused on Citibank, as Trustee's ongoing ownership of the mortgage loan. This factual distinction renders *Jones* inapposite.

Similarly, however, the Defendant's contention that *Jones* applies because her loan has been serviced by four differently named mortgage loan servicers such that Citibank, as Trustee was required to submit testimony verifying the accuracy of the predecessor servicer's records and the integration of these records into each subsequent servicer, is without merit. This is because, here, unlike *Jones*, no third

party service transfer occurred. On the contrary, as attested in the supplemental affidavit Citibank, as Trustee filed in support of its opposition to the motion to strike (and public records), the four differently named servicers were acquired and merged into PHH, the current loan servicer. SA176, ¶¶ 4-6.

Specifically, American Home Mortgage Servicing, Inc. changed its name to Homeward Residential, Inc. ("Homeward") in 2012. SA176, ¶ 5 n.1; *See also* AHMSI enters correspondent lending, changes name to Homeward Residential (Feb. 17, 2012) https://www.housingwire.com/articles/ahmsi-enters-correspondent-lending-changes-name-homeward-residential. In December 2013, Ocwen Loan Servicing, LLC acquired Homeward. SA176, ¶ 6. *See also* Jacob Gaffney, Ocwen buys Homeward Residential from WL Ross (Oct. 3, 2012) https://www.housingwire.com/articles/ocwen-buys-homeward-residential-wl-ross. On June 4, 2019, Ocwen merged with PHH, who continues to service the Defendant's loan. SA176, ¶ 4. *See also* Jessica Guerin, Ocwen all but drops Ocwen name, will operate at PHH Mortgage and Liberty Home Equity Solutions (June 10, 2019) https://www.housingwire.com/articles/49301-ocwen-all-but-drops-ocwen-name-will-operate-as-phh-mortgage-and-liberty-home-equity-solutions. The name change and two successive acquisitions did not cause any third-party transfer akin to what *Jones* addressed in determining whether the mortgage loan servicer's business records were integrated to admit as evidence under Fed. R. Evid. 803(b).

As the admission of evidence turns on the facts of each case, the facts of this case demonstrate the absence of any third-party transfer of information that would necessitate integration of business records. The district court acted within its discretion to deny the Defendant's motion to strike.

## CONCLUSION

For the foregoing reasons and authorities, Plaintiff-Appellee, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3 respectfully requests that this Court affirm the district court's order allowing summary judgment to Plaintiff-Appellee, its order denying Defendant-Appellant's motion to strike, and the judgment issued in Plaintiff-Appellee's favor.

Respectfully submitted,

Counsel for Plaintiff-Appellee,

Citibank, N.A., as Trustee for American
Home Mortgage Assets Trust 2006-3,
Mortgage-Backed Pass-Through
Certificates Series 2006-3

By: Their Attorneys

/s/ Marissa I. Delinks

Marissa I. Delinks, Bar Id. 111180
Maura K. McKelvey, Bar Id. 67218
Samuel C. Bodurtha, Bar Id. 1171902
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
Email:  mdelinks@hinshawlaw.com
         mmckelvey@hinshawlaw.com
         sbodurtha@hinshawlaw.com

Dated:     December 30, 2020

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 7,370 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using 14 pt Times New Roman.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 30, 2020.

*/s/ Marissa I. Delinks*
Marissa I. Delinks

1028594\307242388.v1